UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH KINUTHIA NJONJO (A No. 242 499 675),

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

No.  1:26-cv-3901 DC CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the Central Valley Annex ICE Detention Facility in McFarland, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1]   For the reasons which follow, the court recommends that the petition be denied.

I.  Motion to Strike

On May 28, 2026, petitioner filed a motion to strike exhibits attached to respondents' response as unauthenticated.  Respondents subsequently submitted proper authentication. Therefore, the motion to strike will be denied.

/////

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

II.  Facts

Petitioner is a native and citizen of Kenya.  ECF No. 9-1 at 1.  He entered the United States in 2019 with a visitor's visa.  ECF No. 2 at 3, 5.  On March 12, 2026, petitioner was arrested by ICE officers and charged with being deportable under 8 U.S.C. § 1227(a)(1)(c)(i).  ECF No 9-1 at 1-2.  Petitioner was ordered to appear for immigration proceedings on March 27, 2026. ECF No. 9-2 at 1.  Petitioner has no criminal record.  ECF No. 2-1 at 9.  The status of petitioner's removal proceedings is not clear.

At some point, petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236.  On April 7, 2026, petitioner was denied release from custody premised upon a finding that petitioner had not met his burden of establishing his situation presents an acceptable level of flight risk.  ECF No. 2-1 at 9.

III.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

IV.  Analyis

A.  Denial of Motion for Temporary Restraining Order

Petitioner filed a motion for a temporary restraining order on May 20, 2026 which was denied by District Judge Coggins on June 26, 2026.  In the order, Judge Coggins addressed most of the issues and claims presented in the petition for writ of habeas corpus.  The court concurs with Judge Coggins' findings as to these issues and there is no cause to address those issues

2

further.  The court addresses two issues not addressed by Judge Coggins.

### B.  Denial of Right to Appeal

As indicated above, petitioner was denied release due to flight risk on April 7, 2026, and was informed that he could file an appeal with the Board of Immigration Appeals (BIA) no later than May 7, 2026.  ECF No. 2 at 18-19.  The detailed decision supporting the immigration judge's finding was not issued until May 15, 2026.  Id. at 16.  Petitioner filed his appeal before the detailed decision was rendered and claims that he is unable to appeal anything specifically presented in the detailed decision.  ECF No. 2 at 18-19.  However, petitioner fails to point to anything in support of that claim, such as an order from the BIA indicating the detailed decision cannot be considered, or any BIA regulation indicating as much.  This being the case, petitioner's assertion that he has been denied the right to appeal should be rejected.

### B.  Clear and Convincing Evidence

While not entirely clear it appears petitioner claims that at his bond hearing, the burden should have been on the government to show that petitioner is either a flight risk or a danger to the community by clear and convincing evidence.  ECF No. 2 at 2.  That is not required by statute, petitioner fails to point to any case law supporting such a conclusion, and does not present any coherent argument in support of his position.  Petitioner's claim that the burden of proof was improperly placed upon him should be rejected.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion to strike (ECF No. 11) is DENIED.

IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 2) be DENIED; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

3

served and filed within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 9, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
njon3901.imm.frs

4